UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TERRY WALLS, )
 )
    Plaintiff, )
 )
v. ) 4:08-cv-087
 ) *Mattice*
 )
GENE TAYLOR, et al. )
 )
    Defendants. )

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Plaintiff challenges as unconstitutional numerous conditions of his confinement in the Coffee County Jail. In an amended answer, the defendants raised the affirmative defense that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

Under the PLRA, before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 459 U.S. 199, 211 (2007) (abrogating the

Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

Within the body of his complaint, plaintiff stated that he filed a grievance form that was never returned. Because the defendants raised the defense of failure to exhaust, the court ordered the defendants to submit proof to support their affirmative defense, including copies of relevant written regulations, the Coffee County Jail's grievance polices and procedures, and all grievances, appeals and responses involving plaintiff's claims. Plaintiff was given additional time within which to reply to the defendants' response.

The defendants have responded to the court's order and contend that plaintiff never made any grievances with respect to the issues raised in the complaint. Defendants have also filed the affidavits of defendants Charles Beatty and Pam Freeman, and have filed under seal plaintiff's jail record, a copy of which was sent to plaintiff by the Clerk's Office per order of the court.

Mr. Beatty testifies that he is a Lieutenant with the Coffee County Sheriff's Department and is the acting jail lieutenant for the Coffee County Jail. According to Mr. Beatty, pursuant to the jail grievance procedures, any inmate who desires to make a grievance must do so in writing and must direct the grievance to Mr. Beatty's attention; copies of the jail rules as well as jail policies and procedures are attached to his affidavit as exhibits 1 and 2, respectively. Mr. Beatty further testifies that all grievances are placed in an inmate's jail

file, that he is familiar with plaintiff's jail file, and that the only grievances plaintiff filed concerned certain medical conditions. [Court File No. 17, Affidavit of Charles Beatty, pp. 1-2].

Ms. Freeman testifies that she is a Captain with the Coffee County Sheriff's Department and is the acting jail administrator for the Coffee County Jail. Ms. Freeman also testifies that, pursuant to the jail grievance procedures, any inmate who desires to make a grievance must do so in writing and direct the grievance to the attention of the jail lieutenant; copies of the jail rules as well as jail policies and procedures are likewise attached to her affidavit as exhibits 1 and 2, respectively. Ms. Freeman further testifies that all grievances are placed in an inmate's jail file and that she is not aware of any other grievances made by plaintiff other than those in his jail file. [Court File No. 18, Affidavit of Pam Freeman, pp. 1-2].

In reply to the defendants' response, plaintiff states that he filed grievances as to all complaints other than his medical complaints, which he claims were not grievable. Plaintiff has not, however, provided the court with copies of any grievances. The court has reviewed plaintiff's jail file, and the only grievances the court finds there are not grievances per se, but rather his requests to the nurses for pain medication and bandages for a lesion on his arm. By contrast, the only medical claim alleged in plaintiff's civil rights complaint is his claim that the defendants refused to pay for the medication for his MSRA infection. The remainder of plaintiff's complaint refers to his living conditions, specifically overcrowded conditions,

3

an open sewer in his cell with no toilet, lack of ladders on bunk beds, not being allowed to attend church or participate in yard time, and the lights sometimes being left on all night.

The court finds that plaintiff has failed to demonstrate exhaustion of remedies as required by the PLRA and the defendants have supported their affirmative defense. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

       */s/Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE

4
Case 4:08-cv-00087-HSM-SKL   Document 20   Filed 06/01/09   Page 4 of 4   PageID #: 200